**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DEBORAH BENTON,

      Plaintiff,

v.                                                                                          Case No. 06-CV-2488-KEV-GLR

DLORAH, INC., d/b/a NATIONAL AMERICAN
UNIVERSITY , and NATIONAL AMERICAN
UNIVERSITY,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this employment discrimination action, asserting claims of gender discrimination and retaliation under Title VII and state law claims for non-payment of earned wages. This matter is presently before the Court for consideration of Defendants' Motion to Compel (doc. 19). Defendants request that the Court enter an order compelling Plaintiff to produce documents responsive to their requests for production and to produce the hard drive of her personal computer. They further request an order sanctioning Plaintiff for her improper failure to provide timely and complete discovery responses and for spoliation of evidence. Finally, they ask that the Court amend the Scheduling Order deadlines for completion of discovery, for filing dispositive motions, and for trial. As advised at the July 26, 2007 Pretrial Conference, the Court sustains the motion in part and overrules it in part.

**I.**     **Relevant Background**

Defendants served Plaintiff with Defendants' First Set of Interrogatories and Defendants' First Set of Request for Production of Documents on March 29, 2007, and Defendants' Second Set of Request for Production of Documents on April 17, 2007. Plaintiff served her Answers to

Defendants' First Set of Interrogatories, Response to Defendants' First Set of Requests for Production of Documents and Response to Defendants' Second Set of Requests for Production of Documents upon Defendants on May 11, 2007.

After reviewing Plaintiff's discovery responses, Defendants advised Plaintiff that her responses were deficient and her deposition would have to be postponed. The parties agreed to postpone Plaintiff's deposition to May 31, 2007 and Plaintiff's counsel agreed to supplement her discovery responses before the deposition. Plaintiff's counsel thereafter informed defense counsel that Plaintiff had deleted e-mail correspondence with her students and, therefore, could not produce those e-mails. Prompted by concerns about recovering these e-mails, as well as the discovery responses, Defendants faxed Plaintiff a letter on May 17, 2007 that outlined the alleged deficiencies in her discovery responses and requested that she produce the hard drive of her personal home computer to facilitate recovery of the deleted e-mails by a computer forensics specialist. Plaintiff refused to produce her computer hard drive without an order of the Court. After further efforts to resolve the discovery dispute, Defendants filed the instant Motion to Compel.

**II.     Motion to Compel**

Defendants request that the Court order Plaintiff to provide complete responses to its Requests for Production of Documents, produce the hard drive of her personal computer for inspection and copying, and stop destroying e-mails and other relevant evidence.

**A.     Discovery Requests At Issue**

Defendants' first and second set of requests for production of documents included three requests which are relevant to this discovery dispute. Request for Production No. 6 seeks "All documents including, but not limited to, handwritten notes, evidencing any communication between

you and NAU, or any of NAU past or present employees, students, or agents, that relate in any way to any of the matters at issue in this action." Plaintiff's response referred to her response to Request No. 4., which stated "All documents which relate to Plaintiff's claims have been produced in the Initial Disclosures or are attached hereto. There are no other documents, tape recordings or other media which are responsive to this request."

Request for Production No. 7 asks for "Any and all documents you received at any time from NAU or any of NAU past or present employees, students, or agents, that relate in any way to any of the matters at issue in this action." Plaintiff's response referred to her response to Request No. 2, which stated "Please see documents produced with the Initial disclosures. In addition, please see e-mails attached hereto."

Request for Production No. 19 asks for "All documents that evidence communications between you and any student at National American University ("NAU") relating to the student's education at NAU or NAU's professional degree programs, including but not limited to the paralegal program." Plaintiff responded, "There are no documents in Plaintiff's possession which are responsive to this request."

### B. Discussion

Defendants seek an order compelling Plaintiff to fully and completely produce documents responsive to their discovery requests, as well as the hard drive of her personal computer for inspection and copying. They also request an order prohibiting her from destroying e-mails and other relevant evidence. In support of these requests, they claim that Plaintiff has only produced a handful of e-mails for the months of November 2006, December 2006, and January 2007, and only one e-mail for the month of February 2007. Because Plaintiff has not produced any e-mail

3

communications that took place after February 2007, Defendants believe that she has been deleting e-mails relating to her employment at NAU since that date. They argue that Plaintiff admits to deleting all e-mail communications between NAU students and herself, except those few that she produced with her March 1, 2007 Initial Disclosures. They infer that Plaintiff must have destroyed additional responsive documents by her deletions; because she has produced only one e-mail since February 2007 and otherwise admits to deleting e-mails from her personal computer.

The Court finds nothing to lead to such an inference, beyond speculation. Defendants have not sustained their burden to show that Plaintiff has in fact failed to comply with their requests for production, that Plaintiff's hard drive contains any additional information subject to discovery, that Plaintiff has spoliated evidence, or that sanctions should be awarded. The Court will not assume that Plaintiff is lying or that she has been discredited in her responses to the requests for production. Plaintiff states affirmatively in her response to the motion to compel that "she has produced all e-mails and other documents related to her claims in this case." Her responses to the three disputed Requests–Nos. 6,7, and 19–state that she has either provided the requested information or that there are no responsive documents. She further states that the e-mail she received from Defendants and their employees were always on Defendants' e-mail server. These documents were already provided to Defendants in her Rule 26 initial disclosures. There was little, if any, communication with Defendants on her personal e-mail server. In any event, she points out that Defendants have access to all e-mails between Plaintiff and Defendant's employees or students which were transmitted via Defendants server.

Because Defendants have not sustained the burden upon their motion to compel, the Court will overrule it *without prejudice* to a similar motion, should further discovery show that Plaintiff

has in fact failed to produce documents responsive to the requests for production or that Plaintiff has spoliated relevant evidence.  Defendants' request for sanctions is also overruled.  The Court finds that the circumstances at this time do not justify an award of sanctions against any party.

### III.     Request for Extensions of Time

Defendants also request that the Court amend the Scheduling Order to extend the deadlines for discovery, dispositive motions, and for trial.  For good cause shown, the deadline for filing dispositive motions is extended to **August 3, 2007**.  Defendants' requests to continue the discovery deadline and trial date are overruled.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Compel (doc. 19) is sustained in part and overruled in part, as set forth herein.

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Expedited Ruling on Defendants' Motion to Compel Discovery, To Extend the Dispositive Motion and Trial Deadlines, and For Sanctions (doc. 33) is overruled as moot.

Dated in Kansas City, Kansas on this 1st day of August, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge