## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEBORAH BENTON,

      Plaintiff,

v.                                          Case No. 06-CV-2488-KHV

DLORAH, INC., d/b/a NATIONAL AMERICAN
UNIVERSITY , and NATIONAL AMERICAN
UNIVERSITY,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff brings this employment discrimination action, alleging claims of gender discrimination and retaliation under Title VII and state law claims for non-payment of earned wages. The matter is before the Court for consideration of Defendants' Second Motion to Compel Discovery (doc. 38). Defendants request that the Court enter an order compelling Plaintiff to produce documents responsive to their requests for production and to produce the hard drive of her personal computer. They further request extensions of deadlines for discovery, dispositive motions, and trial, and for leave to file a supplemental brief in support of their Motion for Summary Judgment. Their final request is for sanctions against Plaintiff for failing to provide timely and complete discovery responses and for spoliation of evidence. The Court sustains the motion in part and overrules it in part as herein set forth.

### I.     Relevant Background

Defendants served Plaintiff with their First Set of Interrogatories and First Set of Request for Production of Documents on March 29, 2007, and a Second Set of Request for Production of Documents on April 17, 2007. Plaintiff served her Answers to Defendants' First Set of

Interrogatories, Response to Defendants' First Set of Requests for Production of Documents, and Response to Defendants' Second Set of Requests for Production of Documents upon Defendants on May 11, 2007.

After reviewing the discovery responses, defense counsel informed Plaintiff's counsel that the deposition of Plaintiff had to be further postponed because her responses were deficient. The parties agreed to postpone her deposition to May 31, 2007. Her attorney agreed to supplement her discovery responses before the deposition. He informed defense counsel that Plaintiff had deleted correspondence with her students and, therefore, could not produce her e-mails. Defendants then filed a motion to compel Plaintiff to produce documents responsive to their Requests for Production Nos. 6, 7, and 19, and to produce the hard drive of her personal computer. They further requested sanctions against Plaintiff for failure to provide timely and complete discovery responses and for spoliation of evidence.

On August 1, 2007, the Court sustained in part the motion to compel and overruled it in part. It granted the request for an extension of the deadline for filing dispositive motions. It overruled the request to compel Plaintiff to produce responsive documents and her computer hard drive. The Court found that Defendants had not adequately refuted the responses by Plaintiff that she had produced all responsive documents. The Court declined to infer that Plaintiff must have destroyed additional relevant, responsive documents because she only produced one e-mail since February 2007 and admitted to deleting e-mails from her personal computer. The Court overruled the motion without prejudice for Defendants to file another motion, if further discovery showed that Plaintiff had in fact failed to produce documents responsive to the requests for production or that Plaintiff

had spoliated relevant evidence.   Defendants have now filed this Second Motion to Compel Discovery.

Defendants request that the Court (1) compel Plaintiff to produce documents responsive to their Requests for Production of Documents dated March 29, 2007 and April 17, 2007; (2) compel Plaintiff to produce the hard drive of her personal computer for inspection and copying; (3) amend the Scheduling Order to extend the deadlines for discovery, dispositive motions, and trial and thereby allow additional discovery; (4) permit Defendants to submit a supplemental brief in support of their Motion for Summary Judgment; and (5) impose sanctions against Plaintiff for failure to provide timely and complete responses to the discovery requests and for destruction of evidence.

## II.    Request for Deleted E-mails

Defendants seek an order to compel Plaintiff to produce e-mails that she admitted deleting from her home computer and which they contend to be responsive to their Requests for Production Nos. 4, 6, 7, and 19.  These requests seek:

> Any and all tape recordings, notes, memoranda or other documents or recordings written, taken, or prepared by [Plaintiff], whether handwritten or otherwise, that relate to her employment with Defendant [NAU] or any of the matters alleged in the Complaint herein, including but not limited to all notes  of conversations or events, time records, calendars, or journals.  (Request No. 4)

> All documents including, but not limited to, handwritten notes, evidencing any communication between [Plaintiff] and NAU, or any of NAU past or present employees, students, or agents, that relate in any way to any of the matters at issue in this action.  (Request No. 6)

> Any and all documents [Plaintiff] received at any time from NAU or any of NAU past or present employees, students, or agents, that relate in any way to any of the matters at issue in this action. (Request No. 7)

> All documents that evidence communications between [Plaintiff] and any student at National American University ("NAU") relating to the student's education at NAU

or NAU's professional degree programs, including but not limited to the paralegal program. (Request No. 19)

Defendants argue that Plaintiff has not fully responded to these requests because she admittedly deleted and failed to produce (1) e-mail communication with her husband that discuss her thoughts about what was happening at NAU and the retaliation, and (2) e-mail communication with NAU paralegal students.  They show that Plaintiff testified in deposition that she used her personal computer, rather than NAU's system, to e-mail NAU students and that she has deleted "hundreds" of NAU-related e-mails with students.  They seek production of the hard drive of her personal computer to facilitate their retrieval of these deleted e-mails.

Plaintiff objects to producing the hard drive to her personal computer.  She argues that Defendants have not served her with a formal request that specifically asks for production of the hard drive.  Nor have they served a formal request that is tailored narrowly to e-mail communications between Plaintiff and either her husband or NAU students.  Her home computer contains personal information beyond the scope of discovery, as well as privileged communication between Plaintiff and her attorney.  She contends the record does not support a fishing expedition into her private affairs.  She argues that the potential harm in providing her computer to Defendants outweighs the marginal value of the information sought.

Plaintiff should produce the e-mail communication that discusses with her husband what she thought about events at NAU and the retaliation, as well as her e-mail communication with NAU paralegal students.  Plaintiff has waived any objection of irrelevancy by her failure to assert it in her responses to the discovery requests.[1]  The Court further finds that the e-mails to which Plaintiff

---

[1]*See Pulsecard, Inc. v. Discover Card Svcs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) (a party's failure to assert a timely objection to a request for production or interrogatories results in a

refers in her deposition testimony are responsive to Defendants' Requests for Production.  Deleting these e-mails, even if done in good faith and at a time before Plaintiff contemplated her legal action, does not necessarily remove the e-mails from her possession, custody or control.    Deleted documents should be retrievable from her computer system and thus remain within in her control.

The request to compel Plaintiff to produce (1) e-mail communication with her husband about what she thought was happening at NAU and the retaliation, and (2) e-mail communication with NAU paralegal students is sustained.  Plaintiff is ordered to produce such e-mails **within fifteen (15) days of the date of this Memorandum and Order**.  If the e-mails have been deleted, she shall produce for inspection her computer hard drive from which the deleted e-mails were sent.  This will allow Defendants to use the services of a computer forensic specialist, if necessary, to retrieve them. Any inspection of the  hard drive shall be specifically limited to e-mails Plaintiff sent to her husband that discuss NAU's alleged retaliation at issue in this action and to her communications with NAU paralegal students.

## III.    Request for Extensions of Scheduling Order Deadlines

Defendants also request that the Court amend the Scheduling Order to extend the deadlines for discovery, dispositive motions, and for trial as premature.  This is without prejudice to a later motion for extensions, after Defendants have obtained the additional discovery.

## IV.    Request for Leave to File Supplemental Brief

Defendants request leave to file a supplemental brief in support of their Motion for Summary Judgment, following Plaintiff's production of additional discovery pursuant to this motion and the

---

waiver of any otherwise valid objections).

close of her deposition.  The request is overruled without prejudice to a similar motion, if justified, after Defendants have obtained the additional discovery allowed by this Memorandum and Order.

## V.      Request for Sanctions

Defendants also seek sanctions for failure by Plaintiff to provide timely and complete responses to their requests for discovery and for destruction of evidence.  The Court will sustain the motion to the extent of ordering sanctions against Plaintiff for her failure to provide timely production of the e-mails herein ordered to be produced.  Specifically the Court orders sanctions in the amount of $1,000 for attorneys fees and expenses reasonably incurred by Defendants in preparing and filing their second motion to compel against the failure of Plaintiff otherwise to produce the discovery herein ordered.  Prior to the commencement of trial Plaintiff shall file with the Court a receipt or affidavit to show payment of the sanctions.

The Court overrules the request of Defendants for additional sanctions for alleged spoliation of evidence.  One claiming spoliation of evidence must generally show the following elements: (1) that the party had an obligation to preserve the electronic evidence at the time it was destroyed; (2) that the electronic evidence was destroyed with a culpable state of mind (may include ordinary negligence, gross negligence, recklessness, willful, or intentional); and (3) the destroyed evidence was relevant and favorable to the party's claim such that a reasonable trier of fact could find it would support that claim.[2]  A litigant has a duty to preserve evidence that it knows or should know is

---

[2]*In re Krause*, 367 B.R. 740, 766-67 (D. Kan. 2007) (citing *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) ("*Zubulake V*")).

relevant to imminent or ongoing litigation.[3]  Such preservation may not be "selective," saving only the evidence supporting a theory of liability and impeding the examination of another theory.[4]

A party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."[5]  The duty to preserve extends to any documents or tangible things made by individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses."[6] The duty also extends to documents prepared for those individuals and to information that is relevant to the claims and defenses of any party, or which is "relevant to the subject matter involved in the action."[7]  While a litigant has no duty to keep or retain every document in its possession, it does have a duty to preserve "what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request."[8]

While the scope of the duty to preserve evidence is not boundless, at a minimum, an opportunity for inspection should be afforded a potentially responsible party before relevant evidence

---

[3]*Workman v. AB Electrolux Corp.*, No. 03-4195-JAR, 2005 WL 1896246, at *5 (D. Kan. Aug. 08, 2005) (citing *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.,* No. 97-5089, 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998) (unpub.)).

[4]*Id.* (citing *Northern Assur. Co. v. Ware*, 145 F.R.D. 281, 284 (D. Me. 1993)).

[5]*Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("*Zubulake IV*").

[6]*Id.* at 218.

[7]*Id.*

[8]*Wm. T. Thompson Co. v. Gen. Nutrition Corp., Inc.,* 593 F. Supp. 1443, 1455 (C.D. Cal. 1984)).

is destroyed.[9]  Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents.[10]

The issue is whether Plaintiff had an obligation to preserve e-mails sent and received on her home computer, and, if so, when that obligation was triggered.  Plaintiff filed her internal grievance in November 2005.  She filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in December 2005 and April 2006.  She requested a Right to Sue letter from the EEOC in August 2006 and filed this action on November 7, 2006.  Her duty to preserve evidence arguably began when she first filed charges with the EEOC in December 2005.

Once the duty to preserve attached, Plaintiff was required to suspend her routine document destruction practices, including the deletion of e-mails.[11]  This duty to preserve does not require Plaintiff to preserve each and every e-mail or electronic document she generated or existed on her hard drive.[12]  Plaintiff was, however, "under a duty to preserve what [she] knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request."[13]

---

[9]*Workman*, 2005 WL 1896246, at *6 (citing *Baliotis v. McNeil*, 870 F. Supp. 1285, 1290-91 (M.D. Pa. 1994)).

[10]*Zubulake V*, 229 F.R.D. at 431.

[11]*In re Krause*, 367 B.R. at 766.

[12]*Id.*

[13]*Id.* (citing *Zubulake IV*, 220 F.R.D. at 217).

Based on the limited evidence presented, the Court cannot conclude that Plaintiff was under a duty to preserve these e-mails at the time she deleted them.  Because Defendants have failed to establish Plaintiff had an obligation to preserve the e-mails at the time she deleted them, the Court overrules the request for sanctions for alleged spoliation.  This is without prejudice, however, to any further request for a "negative inference instruction" that Defendants request.  The trial judge would determine that request.

**IT IS THEREFORE ORDERED THAT** Defendants' Second Motion to Compel Discovery (doc. 38) is sustained in part and overruled in part, as set forth herein.

Dated in Kansas City, Kansas on this 30th day of October, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge